# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY C. MARINO, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS A. TURCO, III, et al., )<br>      Defendants. )<br>) | C.A. No. 18-11442-IT |

## ORDER

**TALWANI, D.J.**

      On July 10, 2018, Anthony C. Marino, a resident of Winchester, Massachusetts, filed a Complaint [#1] accompanied by his self-prepared Declaration in Support of Request to Proceed *In Forma Pauperis* [#2] that is signed under the penalties of perjury. This action arises out of the alleged excessive use of force and deliberate indifference to Plaintiff's serious medical need while he was in custody of the Massachusetts Department of Correction ("DOC"). The Complaint names the following eight defendants: Thomas A. Turco, III, Stephanie Collins, Keith Donohue, Thomas Grobleski, Elizabeth Louder, Vanessa L. Rattigan, Massachusetts Partnership for Correctional Health Services, and John Doe.

      Plaintiff describes the John Doe defendant as a correctional officer in the DOC transportation department. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). Here, to fully pursue his claims against the John Doe defendant, Plaintiff will need to discover the name of this defendant. If, through discovery, the Plaintiff discovers the true name of the "John Doe" defendant, he "should act promptly to amend the complaint to substitute the correct part[y] and to dismiss any baseless claims." *Martínez-Rivera*, 498 F.3d at 8, n. 5.

Accordingly, this Court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is <u>ALLOWED</u>.

2. The Clerk shall issue summons as to the seven <u>identified</u> defendants only. No summons shall issue with respect to the John Doe defendant. The Clerk shall send the summons, <u>Complaint</u>, and this Order to the Plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).

3. The Plaintiff may elect to have service made by the United States Marshals Service. If directed by the Plaintiff to do so, the United States Marshals Service shall serve the summons, <u>Complaint</u>, and this Order upon the defendants, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 90 days from the date of this Order to complete service.

IT IS SO ORDERED.

August 16, 2018            /s/ <u>Indira Talwani</u>
                                                                                United States District Judge